

# THE ATTORNEY GENERAL
## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711
May 28, 1971

Honorable Bevington Reed
Commissioner, Coordinating Board,
  Texas College and University System
P. O. Box 12788, Capitol Station
Austin, Texas   78711

Opinion No. M-876

Re:  Taxing authority and
     jurisdiction of physi-
     cal facilities relating
     to junior colleges
     under Sections 51.016
     and 51.017 of the Texas
     Education Code.

Dear Dr. Reed:

        You have requested the opinion of this office upon the
following questions:

        "What will be the taxing authority of the
        governing board of the junior college district
        while comprised of Independent School District
        Board of Trustees for purposes, including but
        not limited to, of the maintenance and opera-
        tion of a junior college?

        "What would be the taxing authority of the
        junior college board should a separate governing
        board for the junior college district subsequently
        be established under either Section 51.016 or
        51.017?

        "Assuming creation of a separate board under
        either Section 51.016 or 51.017, which of the two
        boards, the Independent School District Board or
        Junior College District Board, would then have
        jurisdiction (a) over facilities available at
        the time the junior college district was created;
        and (b) over facilities created specifically for
        junior college use prior to separation of the
        boards?"

        By virtue of the information contained in your opinion
request, it would appear that the Houston Independent School District
would meet the basic requirements to avail itself of either the
provisions of Section 51.011* of the Texas Education Code or Article

This Section is a part of Subchapter B of Chapter 51 of the Code.

-4273-

2815h-2a, Vernon's Civil Statutes, in connection with the creation of a junior college district. However, the Houston Independent School District has elected to proceed pursuant to the provisions of Subchapter B of Chapter 51 of the Texas Education Code rather than Article 2815h-2a. See in this connection Attorney General's Opinion No. M-851 (1971).

Section 51.015 of the Texas Education Code provides that:

"A junior college established by an independent school district that has assumed control of schools already validated or established pursuant to the provisions of this chapter may be governed, administered, and controlled by and under the direction of the board of trustees of that independent or city school district." (Emphasis added.)

Section 51.016 of the Texas Education Code provides in part that:

"A junior college established by an independent school district or city that has assumed control of schools already validated or established pursuant to the provisions of this chapter may be governed, administered, and controlled by and under the direction of a separate board of trustees, which may be placed in authority by either of the following procedures. . . . (Emphasis added.)

Section 51.073 of the Texas Education Code provides that:

"The board of trustees of junior college districts shall be governed in the establishment, management and control of the junior college by the general law governing the establishment, management and control of independent school districts insofar as the general law is applicable."

Section 23.26 of the Texas Education Code, dealing with powers and duties of trustees of independent school districts, provides in part that:

"(a) The trustees shall constitute a body corporate and in the name of the school district may acquire and hold real and personal property.
. . .

"  .  .  .

"(c). All rights and titles to the school
property of the district, whether real or personal,
shall be vested in the trustees and their successors
in office.  . . ."

Section 51.102 of the Texas Education Code provides
in part that:

"(a)  The governing board of each junior
college district. . . shall be authorized to
issue negotiable coupon bonds for the construc-
tion and equipment of school buildings and the
purchase of the necessary sites therefor, and
levy and pledge annual ad valorem taxes for
the further maintenance of its public junior
college or junior colleges; provided that the
annual bond tax shall never exceed 50 cents
on the $100 valuation of taxable property in
the district, and the annual bond tax, if any,
together with the annual maintenance tax shall
never exceed the aggregate of $1 on the $100
valuation of taxable property in the district.
.  .  .

"(b)  No such bonds shall be issued and
none of the aforesaid taxes shall be levied
unless authorized by a majority of the resident,
qualified electors of the district who own
taxable property therein and who have duly
rendered the same for taxation, voting at an
election held for such purpose. . ."

A study of the foregoing provisions of the Texas Educa-
tion Code reveals that the taxing authority of a junior college
district created or established pursuant to Subchapter B of Chapter
51 of the Texas Education Code (Sections 51.011-51.018) is specified
in Subchapter G of Chapter 51 of the Texas Education Code (Sections
51.101-51.103) and with the limitations found in Section 51.102.

Such taxing authority and provisions are applicable re-
gardless of whether the board of trustees of the junior college
district is the board of trustees of the independent school district,
as authorized by Section 51.015, or a separate board of trustees, as
authorized by Section 51.016.

The taxing authority found in Article 2815h-2a would only be applicable in those instances where the independent school district had elected to establish or create the junior college district pursuant to the provisions of Article 2815h-2a. See Attorney General's Opinion No. M-851 (1971).

As to your final question, we are of the opinion that in the event a separate board of trustees is created for governing the junior college district, pursuant to the provisions of Section 51.016 or Section 51.017, that in such event the separate board of trustees would have control and management of all personal and real property of the junior college district purchased or acquired with funds of the junior college district but only such control or jurisdiction over property of the independent school district purchased or acquired with funds of the independent school district as the board of trustees of such independent school district authorizes or has agreed upon with the separate governing board of trustees of the junior college district. Section 51.073, Section 23.26 and Section 51.016 of the Texas Education Code. We have not passed upon the applicability of Article 2815k, Vernon's Civil Statutes, but are of the opinion that our holding in regard with your last question is not inconsistent therewith.

## S U M M A R Y

The taxing authority of a junior college district created pur..uant to the provisions of Subchapter B of Chapter 51 of the Texas Education Code is specified in Subchapter G of Chapter 51 of the Texas Education Code, regardless of whether the board of trustees of the junior college district is also the board of trustees of the independent school district, as authorized by Section 51.015, or a separate board of trustees, as authorized by Section 51.016. In the event a separate board of trustees is created to govern the junior college district, pursuant to Section 51.016 or Section 51.017, such board would have control and management of all property acquired with funds of the junior college district, but only such control or jurisdiction over property of the independent school district as the board of such district authorizes or has agreed upon.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Pat Bailey
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
John Reeves
Bob Lattimore
James McCoy
Jerry Roberts

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant